UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEE CALDERON, | No. 2:23-cv-0689 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. MAYHEW, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. After requesting leave to amend the complaint, plaintiff was given an opportunity to file an amended complaint and advised that if he failed to do so the court would proceed to screen the original complaint. ECF No. 21. The time for filing an amended complaint has passed, and plaintiff has not filed an amended complaint.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

1

arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Factual Allegations of the Complaint

The complaint alleges that defendants Gomez, Mayhew, Arnnett, Afshin, and Fincalaro violated plaintiff's rights under the Eighth Amendment. ECF No. 1. Defendants are all sued in their individual and official capacities. Id. at 9-10. On August 10, 2022, Gomez began verbally assaulting plaintiff and other inmates while they were waiting for group therapy. Id. at 10. When plaintiff asked Gomez to relax and said he would file a complaint about the abusive behavior, Gomez and Mayhew pinned plaintiff to the ground, beating him and dislocating his shoulder. Id. at 3, 5, 10-11. Following the assault, Arnnett refused to document plaintiff's injuries or provide him with treatment. Id. at 6, 11. Plaintiff further alleges that Fincalero ignored his surgery while he was in administrative segregation for six months. Id. at 7. He seeks damages and requests that defendants be fired from their jobs. Id. at 14-15.

III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated the following Eight Amendment claims: against defendants Gomez and Mayhew for excessive force, and against defendant Arnnett for deliberate indifference.

////

2

IV. <u>Failure to State a Claim</u>

However, the allegations in the complaint are not sufficient to state any claims for relief against Afshin and Fincalaro or against any defendant in their official capacity. Plaintiff does not allege any conduct by Afshin, and therefore does not state any claims against this defendant. Additionally, though he states that Fincalero "ignored [his] surgery," it is unclear what plaintiff is alleging Fincalero failed to do. Nor is it clear how any claims against Fincalero are properly joined with plaintiff's other claims since the complaint alleges that Fincalero worked at California State Prison (CSP)-Corcoran, while all other defendants were employed at CSP-Sacramento. ECF No. 1 at 2, 4.

Plaintiff also fails to state any viable claims against any defendant in their official capacities because he cannot recover damages against defendants in their official capacities and the court is without authority to grant injunctive relief in the form of defendants' termination. <u>See</u> <u>Cranford v. Eyiuche</u>, No. 1:16-cv-0783 GSA, 2018 WL 3348736, at *3, 2018 U.S. Dist. LEXIS 113682, at *5 (E.D. Cal. July 9, 2018) (the court does not have authority to terminate defendant's employment) (collecting cases); <u>Coleman v. Lopez</u>, No. 1:20-cv-0113 SAB, 2020 WL 13785534, at *3, 2020 U.S. Dist. LEXIS 270420, at *8 (E.D. Cal. Jan. 31, 2020) (the court lacks authority to reprimand defendants) (collecting cases). It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint.

V. <u>Options from Which Plaintiff Must Choose</u>

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**The first option available to plaintiff is to proceed immediately on his individual capacity claims against defendants Gomez and Mayhew on the excessive force claim and against defendant Arnnett on the deliberate indifference claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss his official capacity claims against all defendants and all claims against defendants Afshin and Fincalero. The court will proceed**

3

**to immediately serve the complaint and order a response from defendants Gomez, Mayhew, and Arnnett.**

**The second option available to plaintiff is to file an amended complaint to fix the problems described in Section IV against defendants Afshin and Fincalero. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.**

VI.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated individual capacity claims for excessive force against defendants Gomez and Mayhew and for deliberate indifference against defendant Arnnett. You have not stated any claims against any defendant in their official capacity because the court cannot grant your request to have defendants fired and you cannot get money from defendants in their official capacities. You also have not stated any claims against defendant Afshin because you have not explained what this defendant did or did not do and it is not clear from the complaint what defendant Fincalero did. You also have not explained how defendant Fincalero's conduct was related to the conduct of the other defendants.

You have a choice to make. You may either (1) proceed immediately on your individual capacity claims against Gomez and Mayhew for excessive force and against Arnnett for deliberate indifference and voluntarily dismiss the other claims; or (2) try to amend the complaint. To decide whether to amend your complaint, the court has attached the relevant legal standards that may govern your claims for relief. See Attachment A. Pay particular attention to these standards if you choose to file an amended complaint.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's official capacity claims against all defendant and individual capacity claims against defendants Afshin and Fincalero do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his individual capacity claims against defendants Gomez, Mayhew, and Arnnett as set forth in Section III above, or to file an

4

amended complaint.

3.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

4.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the official capacity claims against all defendant and individual capacity claims against defendants Afshin and Fincalero

DATED: November 27, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LEE CALDERON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MAYHEW, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-0689 AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his individual capacity claims for excessive force against defendants Gomez and Mayhew and for deliberate indifference against Arnnett without amending the complaint.  Plaintiff understands that by choosing this option, the official capacity claims against all defendants and the individual capacity deliberate indifference claims against Afshin and Fincalero will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants time to file an amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Jack Lee Calderon
　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7

(1992).  The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Id. at 7 (quotation marks and citations omitted).  While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Id.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment.  Whitley, 475 U.S. at 327.

### B. Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991)).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. (citing Estelle, 429 U.S. at 104).  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-32 (citing McGuckin, 974 F.2d at 1059-60).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person

1  "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective
2  approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A
3  showing of merely negligent medical care is not enough to establish a constitutional violation.
4  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106). A
5  difference of opinion about the proper course of treatment is not deliberate indifference, nor does
6  a dispute between a prisoner and prison officials over the necessity for or extent of medical
7  treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058
8  (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of
9  medical treatment, "without more, is insufficient to state a claim of deliberate medical
10 indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).
11 Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the
12 prisoner must show that the delay caused "significant harm and that Defendants should have
13 known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

    C.  Personal Involvement

  The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

    D.  Official Capacity Claims

  Claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different

from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). However, state officials sued in their official capacity for prospective injunctive relief are "persons" within the meaning of § 1983. Id. n.10.

### E. Proper Joinder

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id. (citing 28 U.S.C. § 1915(g)).